UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ROBERT BROOKS HOEL,

Plaintiff,

v.

WRIGHT COUNTY,

Defendant.

Case No. 25-CV-4508 (PJS/DTS)

ORDER

---

Almost a decade ago, plaintiff Robert Brooks Hoel was charged in Minnesota state court with driving while impaired and failure to submit to chemical testing. *See State of Minnesota v. Hoel*, Case No. 86-CR-16-4175 (Minn. Dist. Ct.) (filed Aug. 29, 2016) (Index #1). He later pleaded guilty to driving while under the influence of alcohol in violation of Minn. Stat. § 169A.20 subd. 1(1). He was sentenced to 365 days in the Wright County Jail, 325 days of which were stayed for two years pending the successful completion of the terms of his supervised probation. *Id.* (Index #31). Hoel now sues in federal court seeking a declaratory judgment that his supervised probation in his state case ended on May 18, 2019. [ECF No. 1].

Hoel did not pay the filing fee associated with this matter. Instead, he has asked to proceed *in forma pauperis* ("IFP"). [ECF No. 2]. Hoel's IFP application is now before

the Court and must be considered before any other action may be taken in this matter. *See* 28 U.S.C. § 1915(e).

Federal courts "are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation and quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. R. 12(h)(3). "A plaintiff has the burden of establishing subject matter jurisdiction." *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006). Although courts must construe *pro se* complaints liberally, *pro se* litigants must nevertheless comply with both substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

As a threshold matter, "[a] party invoking federal jurisdiction must establish that he has met the requirements of both constitutional and prudential standing." *Delorme v. United States*, 354 F.3d 810, 815 (2004). Constitutional standing has three requirements: "First, a plaintiff must demonstrate that he has suffered an injury in fact which is actual, concrete, and particularized. Second, the plaintiff must show a causal connection between the conduct complained of and the injury. Third, the plaintiff must establish that the injury will be redressed by a favorable decision." *Id.* (citations omitted). In this case, the Court doubts that Hoel has met any of these standing requirements. The complaint does not allege that Hoel suffered any injury at all, much less that he was injured by defendant Wright County.

In any event, even if Hoel has standing, he has not established that this Court has jurisdiction to consider his complaint. Hoel asserts federal jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the court's federal-question jurisdiction, 28 U.S.C. § 1331. Neither is availing.

The Declaratory Judgment Act is not an independent source of federal jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950). Section 1331 is a source of federal jurisdiction, but Hoel does not identify any provision of the United States Constitution or any federal statute that would entitle Hoel to relief. *Cf. Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (district courts are not required to read claims into the complaint that the plaintiff did not clearly raise). Hoel, therefore, has not established that this Court has jurisdiction over his lawsuit under § 1331.

For these reasons, Hoel's complaint is dismissed without prejudice for lack of subject-matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and his IFP application is denied as moot.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Complaint, [ECF No. 1], is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. Plaintiff's application to proceed *in forma pauperis*, [ECF No. 2], is DENIED as MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 8, 2025

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court